Court of Claims jurisdiction; Federal old age retirement insurance benefits; exhaustion of administrative remedies; remand to agency. — The following order was entered in the above case on November 30,1973:
Before davis, skeltoN and Niohols, Judges.
“This case is before us on defendant’s motion for summary judgment and has been considered without oral argument. Plaintiff has not filed any opposition and is now out of time. *716 Plaintiff pro se claims retirement insurance benefits as a formerly self-employed person who had the requisite self-employment income and paid self-employment tax for a minimum of 18 quarters. He filed with the Social Security Administration (SSA) field office at 1325 K Street, N. W., in this city. He was paid a tentative award of $422.40 for six months annuity 'but a ‘reconsideration determination’ of April 16, 1973, attached to the petition, holds that only nine quarters can be substantiated. SSA has demanded a refund and has notified the IRS to adjust the taxes. Plaintiff says he qualifies for the annuity and wants it reinstated, retroactive to 1969.
“Defendant shows that the regulations provide for a hearing by an ‘administrative law judge’ after an adverse ‘reconsideration determination’, and the latter is reviewable by an ‘Appeals Council’, 20 C.F.R. 404.917 and ff, 404.945 and ff. Plaintiff has not taken these steps. Defendant says we lack jurisdiction because 42 U.S.C. § 405(g) makes a ‘final decision of the Secretary’ reviewable only as prescribed and otherwise not reviewable by any ‘person, tribunal or governmental agency’. The prescribed judicial review is a civil action in a United States District Court, filed within 60 days after notice of final decision, or such further time as the Secretary may allow. Defendant says we should not transfer the suit to a District Court because, the failure to exhaust the administrative remedy would be fatal there. Alternatively, we should dismiss, ourselves, for failure to exhaust.
“The Secretary’s decision, to which finality attaches, has not been made. The administrative record and findings, to which the District Court is confined, do not exist. Therefore the finality language is literally not yet in effect, and we have jurisdiction to receive the suit. The District Court does not yet have exclusive or any jurisdiction, ruling out a transfer under 28 U.S.C. § 1506. The only thing we can do is to receive the suit and dismiss it for non-exhaustion. Plaintiff had six months in which to appeal and was sent a leaflet by SSA explaining his rights. We may hope that plaintiff may be allowed a hearing as a matter of grace but are in no position to remand the case under Pub. L. 92-415. If plain *717 tiff does elicit a final decision, Ms right to judicial review, if it is unfavorable, will be in the District Court, not here.
“it is therefore ordered that the defendant’s motion to dismiss is granted and the petition is dismissed, without prejudice to further proceedings in any appropriate tribunals.